# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KIMBERLY SHAFFER, | : | |
| Plaintiff, | : | |
| | | Case No. 3:08cv00058 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

On October 24, 2003, Plaintiff Kimberly Shaffer, a nursing assistant, applied with the Social Security Administration for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). (Tr. 68-70, 577-79). She claimed through her applications that she was eligible to receive SSI and DIB because beginning on December 31, 2001, she was under a "disability" within the meaning of the Social Security Act partly due to "projecting osteoarthritis, scoliosis, herniated disk L3-4, spinal stenosis [at] multiple level[s], [and] spinal compression..." (Tr. 88). She explained in part, "I am in chronic constant pain in [my] neck, mid thoracic, low lumbar, hips and [right] thigh. I am not able to stand or walk to[o] long or sit to[o] long..., pain is nauseating without meds." *Id*.

After various administrative proceedings, Administrative Law Judge (ALJ) James I.K. Knapp denied Plaintiff's SSI and DIB applications based on his conclusion that Plaintiff was not under a "disability" within the meaning of the Social Security Act. (Tr.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

18-32). The ALJ's nondisability determination and the resulting denials of her SSI and DIB applications later became the final decision of the Social Security Administration. Such final decisions are subject to judicial review, *see* 42 U.S.C. §405(g), which Plaintiff is now due.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Motion to Remand and Enter Judgment (Doc. #13), Plaintiff's Reply to the Commissioner's Motion to Remand (Doc. # 14), the administrative record, and the record as a whole.

## II. ADMINISTRATIVE REVIEW

### A. The "Disability" Requirement And The Sequential Evaluation

The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986). A DIB/SSI applicant bears the ultimate burden of establishing that he or she is under a disability. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997); *see Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992); *see also Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978).

Social Security Regulations require ALJs to resolve a disability claim through a five-Step sequential evaluation of the evidence. *See* Tr. 23-31; *see also* 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).[2] Although a dispositive finding at any Step terminates

---

[2] The remaining citations will identify the pertinent SSI Regulations with full knowledge of the corresponding DIB Regulations. Plaintiff meets the insured-status requirement for DIB eligibility through December 2008. *See Colvin*, 475 F.3d at 730; *see also* Tr. 36.

the ALJ's review, *see also Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the evaluation answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §416.920(a)(4); *see also Colvin*, 475 F.3d at 730; *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

## B. The ALJ's Decision

In the present case the ALJ found at Step 1 that Plaintiff had not engaged in any substantial gainful activity since December 31, 2001, the date his claimed disability began. (Tr. 30).

At Step 2 the ALJ concluded that Plaintiff had the following severe impairments: "(1) mild lumbar degenerative disc disease; and (2) cervical stenosis followed by mild post-cervical surgery residuals." (Tr. 30).

The ALJ determined at Step 3 that Plaintiff does not have an impairment or a combination of impairments that meet or equal one in the Listings. *Id.*

At Step 4 the ALJ assessed Plaintiff's Residual Functional Capacity as follows:

> The claimant lacks the residual functional capacity to: (1) lift more than ten pounds frequently or 20 pounds occasionally; (2) do more than occasional crawling, crouching, stooping, kneeling, or climbing of stairs; (3) do any climbing of ladders or scaffolds; or (4) do more than occasional reaching above shoulder level. Prior to November 1, 2004 she was further limited from lifting more than five pounds frequently or ten occasionally.

3

(Tr. 31). In this manner the ALJ concluded that Plaintiff could perform a limited range of light work.[3] With this assessment in mind, the ALJ also found at Step 4 that Plaintiff was unable to perform her past relevant work as a nursing assistant. *Id*.

Relying on the testimony of a vocational expert, the ALJ determined at Step 5 that a significant number of jobs in the national and regional economies that Plaintiff could perform. This determination, along with the ALJ's findings throughout his sequential evaluation, led to his ultimate conclusion that Plaintiff was not under a disability and hence not eligible to receive SSI or DIB. (Tr. 30-32).

### III. JUDICIAL REVIEW

Judicial review of an ALJ's decision determines whether substantial evidence in the administrative record supports the ALJ's factual findings. *Bowen v. Comm'r. of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bowen*, 478 F3d at 746 (citing in part *Richardson v. Perales*, 402 U.S. 389, 401 (1977)). It consists of "more than a scintilla of evidence but less than a preponderance..." *Rogers v. Comm'r. of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Judicial review for substantial evidence is deferential not *de novo*. *See Cruse v. Commissioner of Social Sec*. 502 F.3d 532, 540 (6th Cir. 2007); *see also Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Court's agreement or disagreement with the ALJ's findings plays no role in the substantial evidence review, and no significance attaches to contrary evidence in the record – if other substantial evidence supports the ALJ's findings. *Rogers*, 486 F.3d at 241; *see Her v. Comm'r. of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Reviewing for substantial supporting evidence is not the stopping point of judicial analysis. Courts also determine whether the ALJ applied the correct legal

---

[3] The Regulations define light work as involving the ability to lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds...." 20 C.F.R. §416.967(b).

criteria. *See Bowen*, 478 F.3d at 746. If the ALJ did not, the decision may not be upheld even when substantial evidence supports the ALJ's findings. *See id.*

## IV. DISCUSSION

In response to Plaintiff's Statement of Errors, the Commissioner acknowledged that during the administrative hearing, the ALJ did not present a hypothetical question to the vocational expert that included the same limitations included in the ALJ's assessment of Plaintiff's Residual Functional Capacity. (Doc. #13 at 3-4). As a result, the ALJ's finding at Step 5 that a significant number of jobs exist in the national and regional economies that Plaintiff can perform is not supported by the vocational expert's testimony or other substantial evidence. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)("for a response to a hypothetical question to constitute substantial evidence, each element of the hypothetical must accurately describe the claimant."). This much is undisputed in the instant case. *See* Doc. #13 at 3-4; Doc. #14 at 1-2.

The Commissioner argues that a remand under Sentence 4 of 42 U.S.C. §405(g) is appropriate, rather than a judicial award of benefits, in order to provide Plaintiff with a new administrative hearing and new decision by an ALJ.

Plaintiff contends that a reversal of the ALJ's decision and a resulting judicial award of benefits is warranted because, "[b]ased on treating physician opinion, proof of Plaintiff's disability is overwhelming, or at least strong, and substantial evidence to the contrary is lacking." (Doc. #14 at 5). Plaintiff emphasizes that she has already filed her Statement of Errors, which establishes her entitlement to benefits.

If the ALJ failed to apply the correct legal standards or his factual conclusions are not supported by substantial evidence, the Court must decide whether to remand the case for rehearing or to reverse and order an award of benefits. Under Sentence Four of 42 U.S.C. §405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous

principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994).

"If a court determines that substantial evidence does not support the [ALJ's] decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176 (citations omitted). A judicial award of benefits, rather than a remand for further proceedings, is proper in one of two situations: either when the evidence of disability is overwhelming or when the evidence of a disability is strong while contrary evidence is weak. *See Faucher*, 17 F.3d at 176; *see, e.g., Felisky v Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994)(remanding for award of benefits).

Plaintiff contends that the evidence is overwhelming or at least strong based on the opinions of several treating physicians: Dr. Abbott (Tr. 259, 263), Dr. McFann (Tr. 320-23, 326), Dr. Syllaba (Tr. 380-82), and Dr. Cole (Tr. 284).

The Commissioner contends that there is no clear entitlement to an award of benefits in light of the opinions of two physicians – Dr. Rath (Tr. 189-94) and Dr. Tortello (Tr. 222-27) – who reviewed the record for the Ohio Bureau of Disability Determinations and concluded that Plaintiff could perform a limited range of light exertional work.

A comparison of these medical source opinions reveals a stark contrast in the record regarding Plaintiff's work abilities and limitations. Although Plaintiff challenges the ALJ's reliance on the opinions of Drs. Rath and Tortello, these physicians provided supporting explanations for the opinions. For example, Dr. Rath explained in detail:

> Disability is alleged due to back problems. MER documents that clmt. Has mild DDD [degenerative disc disease] in her lumbar spine, per MRI done 09-02. Exam of the lower back reveals FROM [full range of motion] with no neurological or sensory deficits. Clmt. walks independently with a narrow based gait. Exam of the cervical spine reveals

>    decrease ROM [range of motion] with palpable tenderness. SLR [straight
>    leg raise] was positive at 45 degrees bilaterally. MRI of the C spine shows
>    spinal stenosis at C4-5, C5-6, and C6-7. Clmt. complains of constant pain,
>    but is independent in self-care and does light household chores.

(Tr. 190-91). Dr. Tortello similarly explained:

>    Disability is alleged due to back pain, rib cage pain, and shortness of
>    breath. Claimant presents with MRI evidence demonstrating DDD of
>    lumbar spine and spinal stenosis in the cervical spine. She presents with a
>    report of 20% decreased ROM, and walks with a limp favoring the right
>    leg. She also presents with some muscle weakness and spasms. Muscle
>    strength is normal throughout. Treating source notes tingling of the left
>    hand and right shoulder, but notes no significant limitation in her ability to
>    do fine or gross manipulation. Claimant presents with no evidence of
>    breathing impairment....

(Tr. 223-24)(handwritten notes omitted). In contrast to these detailed supporting explanations, only Dr. Cole provided a similar level of detail supporting his disability opinions. *See* Tr. 283-84; *see also* Dr. Abbott (Tr. 259, 263), Dr. McFann (Tr. 320-23, 326), Dr. Syllaba (Tr. 380-82). This is not to say that the ALJ correctly favored the opinions of non-treating physicians, Drs. Rath and Tortello, over the opinions of treating physicians, Drs. Cole, Abott, McFann, and Syllaba. A conflict remains in the record because that the opinions of Drs. Rath and Tortello pre-dated evidence submitted into the administrative record after their review. *See, e.g.*, Tr. 444, 446 (cervical facet injections); Tr. 425, 427, 429 (thoracic facet injections); Tr. 405, 413, 415, 417 (sacroiliac joint injections); Tr. 384-85 (lumbar fact injections); Tr. 383 (selective nerve root injection); Tr. 389 (right piriformis muscle injection); Tr. 497-98 (superior iliac crest injection); Tr. 492, 494 (intra-articular lumbar facet injections). Although the Commissioner asserts that this merely constituted conservative care, the significance of these medical records provide some evidence of Plaintiff's continuing pain and may provide support for her treating physicians' opinions as well as the credibility of Plaintiff's pain testimony. Because these issues remain unresolved, and because the record does not contain

7

overwhelming evidence of disability, or strong evidence while contrary evidence is lacking, a remand for further proceedings is warranted. *See Faucher*, 17 F.3d at 176.

The Commissioner states, "On remand, the ALJ will also be asked to update the administrative record with additional medical evidence, including an orthopaedic consultative exam." (Doc. #13 at 4). This is wholly appropriate in light of the additional evidence of record not considered by the physicians – Drs. Rath and Tortello – upon whom the ALJ heavily relied. *See* Tr. 28.

For all the above reasons, a remand of this case is warranted under Sentence 4 of 42 U.S.C. §405(g). On remand, the ALJ should be directed to: (1) update the administrative record with additional medical evidence as permitted by the Regulations; (2) obtain the opinions of an orthopaedic physician; (3) provide Plaintiff with a supplemental administrative hearing; and (4) re-evaluate Plaintiff's disability claims under the five-step sequential evaluation mandated by the Regulations and case law.

Accordingly, the Commissioner's Motion to Remand and Enter Judgment is well taken.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's Motion to Remand and Enter Judgment (Doc. #13) be GRANTED;

2. The Commissioner's final non-disability determination be VACATED;

3. Judgment be Entered in favor of Plaintiff and against Defendant, and the case be remanded to the Social Security Administration pursuant to Sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Report and any subsequent Decision and Entry; and

4. The case be terminated on the docket of this Court.

February 5, 2009    s/ Sharon L. Ovington
                    Sharon L. Ovington
                    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Am,* 474 U.S. 140 (1985).