IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SHAFFER, :

       Plaintiff, : Case No. 3:08cv058

 vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

       Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #15) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#16) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, VACATING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42
U.S.C. SECTION 405(g), FOR FURTHER PROCEEDINGS CONSISTENT
WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS;
TERMINATION ENTRY

---

     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On February 5, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #15), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated; that no decision be made as to

whether Plaintiff is disabled within the meaning of the Social Security Act; that the Commissioner's Motion to Remand (Doc. #13) be granted and that the captioned cause be remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C., Section 405(g), for further proceedings consistent with the Report and Recommendations.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, and remanding the captioned cause, pursuant to Sentence Four of 42 U.S.C. Section 405(g), for further administrative proceedings consistent with the Magistrate Judge's Report and Recommendations and this Opinion.  The Plaintiff's Objections to said judicial filing, seeking a remand for the payment of benefits, rather than one for further administrative proceedings, (Doc. #16), are overruled.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. A remand for further administrative proceedings, rather than one for the payment of benefits, is required, due to this Court's conclusion that, while substantial evidence does not support the Administrative Law Judge's decision, this Court cannot conclude that all essential factual issues have been resolved and that the record adequately establishes this Plaintiff's entitlement to benefits. In short, this Court cannot say that evidence of disability is overwhelming or, as an alternative, that evidence of Plaintiff's disability is strong, while contrary evidence is weak. As stated by the Magistrate Judge, "[a] comparison of [the] medical source opinions reveals a stark contrast in the record regarding Plaintiff's work abilities and limitations." See Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #15) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was

not supported by substantial evidence.  Plaintiff's Objections to said judicial filing, to the extent she seeks a remand for the payment of benefits (Doc. #16), are overruled.  The Defendants's Motion to Remand for further administrative proceedings (Doc. #13) is sustained.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no present finding as to whether the Plaintiff is under a disability within the meaning of the Act; and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. Section 405(g), for further administrative proceedings, to wit: to update the administrative record with additional medical evidence as permitted by the Regulations; to obtain the opinions of an orthopedic physician; to provide Plaintiff with a supplemental administrative hearing; and to re-evaluate Plaintiff's disability claim anew under the Five-Step Sequential Evaluation mandated by the Regulations and case law.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 31, 2009                             /s/ Walter Herbert Rice
                WALTER HERBERT RICE, JUDGE
                UNITED STATES DISTRICT COURT

Copies to:

Carla J. Lauer, Esq.
John J. Stark, Esq.
Todd Duclos, Esq.